IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARCELINO LOPEZ-DIAZ, )<br>)<br>)<br>Defendant. ) | No. 3:13-cr-108-JO<br><br><br>OPINION AND ORDER |

JONES, J.

    Defendant Marcelino Lopez-Diaz pleaded guilty to possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841, and to possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). In 2015, this court sentenced Defendant to 180 months' imprisonment, based on the mandatory minimum of 120 months on the drug charge, statutorily required to be served consecutively with the mandatory minimum of 60 months on the firearm charge. Judgment and Commitment, ECF No. 59.

    Defendant now moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his firearm conviction under § 924(c), claiming he did not understand "the meaning of 'using' a firearm when he entered his plea, and he can now show his innocence" to that charge. Def.'s Mot. to Vacate 1, ECF No. 69. He does not challenge his drug conviction.

1 -- OPINION AND ORDER

The government responds that Defendant's § 2255 motion is not timely and that Defendant's arguments fail on the merits. Gov't Mot. Dismiss, ECF No. 73. For the following reasons, I deny Defendant's § 2255 Motion.

## BACKGROUND

In November 2012, Jeremy Mollet, age 32, died at his residence in Hillsboro, Oregon, from the combined effects of heroin and oxycodone. Presentence Investigation Report (PSR) ¶ 13, ECF No. 55. Law enforcement officers investigated the people who provided the heroin Mollet had used. With the help of a cooperating suspect, the investigation led up the supply chain to Defendant. Law enforcement executed a search warrant on Defendant's residence, seizing almost a kilogram of heroin, drug packaging materials, digital scales, a 9 mm handgun, five rounds of ammunition, and about $28,000 in cash. PSR ¶ 26.

During an interview after his arrest, Defendant said he sold about one or two ounces of heroin a day. Defendant said he obtained the heroin in California but refused to provide more information about his supplier. In his sentencing memorandum, Defendant stated that giving further assistance would place his family in Mexico "at risk of serious harm" from the reputedly violent person who supplied the heroin. Def.'s Sentencing Mem. 7, ECF No. 57.

In March 2013, Defendant was indicted in this court on five charges: conspiracy to distribute heroin; possession of heroin with intent to distribute; distribution of heroin resulting in death; possession of a firearm in furtherance of a drug trafficking offense; and possession of a firearm by a felon. Indictment, ECF No. 1. In September 2014, Defendant pleaded guilty to two counts: possession of heroin with intent to distribute, and possession of a firearm in furtherance of a drug trafficking offense. The drug count carried a mandatory minimum sentence of ten years' imprisonment, and the firearm count carried a mandatory minimum sentence of five years'

imprisonment, required by statute to be served consecutively to the drug count. In his plea petition, Defendant admitted to guilt on both charges, stating that he knowingly and intentionally possessed more than one kilogram of heroin with intent to distribute, and that he knowingly possessed a firearm in furtherance of a drug trafficking crime. Plea Pet. 11, ECF No. 38.

The PSR found that Defendant was a career offender because he had two prior state court convictions for delivery of heroin. PSR ¶ 41; ¶¶ 47, 48. The PSR calculated a guideline range of 322 to 387 months' imprisonment. PSR ¶ 84. Under the plea agreement, the government would recommend a sentence of 240 months' imprisonment if Defendant showed acceptance of responsibility, while Defendant could argue for any sentence not less than the combined statutory mandatory minimum of 180 months' imprisonment. PSR ¶ 85.

In July 2015, this court sentenced Defendant to 180 months' imprisonment. ECF No. 59. Defendant did not appeal.

In June 2016, Defendant filed a timely *pro se* motion under § 2255. ECF No. 61. Defendant contended that a recent Supreme Court decision, *Johnson v. United States*, 576 U.S. 591 (2015), invalidated his firearm conviction. Defendant was convicted of violating 18 U.S.C. § 924(c), which prohibits possessing a firearm "in furtherance of" a drug trafficking crime. In *Johnson*, however, the Court addressed a different statute, holding that the residual clause defining violent felony in the Armed Career Criminal Act, 18 U.S.C. § 924(e), was void for vagueness. In March 2016, Defendant, then represented by counsel, voluntarily dismissed his § 2255 motion. ECF No. 67.

In October 2021, Defendant filed a *pro se* motion in the Ninth Circuit, seeking an order authorizing him to file a second or successive § 2255 motion. ECF No. 69, at 4-5. In January 2022, the Ninth Circuit denied Defendant's request "as unnecessary because it appears that

[Defendant] has not had a first § 2255 motion adjudicated on the merits." Order at 1, ECF No. 69-1. The Ninth Circuit ordered that Defendant's proposed § 2255 motion be transferred to this court and deemed filed on October 28, 2021. The Ninth Circuit's order expressed no opinion on the merits or timeliness of Defendant's § 2255 motion.

## LEGAL STANDARD

"A federal prisoner may collaterally attack the legality of his conviction or sentence through a motion to vacate, set aside, or correct his sentence under § 2255." *United States v. Jackson*, 21 F.4th 1205, 1212 (9th Cir. 2022) (citing 28 U.S.C. § 2255(a)). To prevail on a motion under § 2255, a defendant must show that an error of constitutional magnitude occurred and that the error had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

## DISCUSSION

The government contends that Defendant's § 2255 motion should be dismissed as untimely, and that even if the motion was timely, it fails on the merits. I agree.

### I. Defendant's § 2255 Motion Is Not Timely

Section 2255 includes the following statute of limitations:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

To determine timeliness, this court first looks to the date the judgment became final. Here, the judgment was entered July 10, 2015. ECF No. 59. Because Defendant did not appeal, the judgment became final when the time for filing a notice of appeal expired, fourteen days after the judgment was entered. Fed. R. App. P. 4(b)(1)(A). The one-year statute of limitations on Defendant's § 2255 motion therefore ran on July 25, 2016, so it must be dismissed as untimely unless one of the statutory exceptions to the one-year limit applies.

Defendant argues that his § 2255 motion is timely because he filed it within one year of "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). Defendant contends that he is entitled to relief under *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019), in which the Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) defining violent felony was unconstitutionally vague. 139 S. Ct. at 2336. *Davis*, however, does not apply because Defendant's conviction was based not on the residual clause at issue in *Davis* but rather on 18 U.S.C. § 924(c)(1)(A), which prohibits possession of a firearm in furtherance of a federal drug trafficking offense. Even if *Davis* did apply here, Defendant's § 2255 motion would still be untimely because Defendant filed the motion on October 28, 2021, more than one year after the Court issued *Davis* on June 24, 2020. I conclude that Defendant's § 2255 motion must be dismissed as untimely.

## II. Defendant's § 2255 Motion Also Fails on the Merits

### A. Possession of Firearm in Furtherance of Drug Trafficking Offense

Defendant argues that he is not guilty of the firearm charge because he "was not the owner of the gun, and never used it as part of his business as a drug dealer." Def.'s Mot. 2.

Defendant states that a "person who wanted drugs, used this firearm as a pawn, in order to get the drugs while getting the money to pay back." Defendant. *Id.* This statement is consistent with Defendant's sentencing memorandum, which states Defendant accepted "full responsibility for holding the firearm as collateral and agreed that such conduct facilitated drug trafficking." Def.'s Sentencing Mem. 3.

A person who possesses a firearm "in furtherance of" a drug trafficking crime has violated 18 U.S.C. § 924(c)(1)(A). The statute does not require that the defendant use the firearm. "When guns are located within strategic reach of a dealer such that they can use the guns to protect their illicit trade or the proceeds thereof, then a defendant's possession would typically be characterized as 'in furtherance of' the drug crime." *United States v. Mahan*, 586 F.3d 1185, 1188 (9th Cir. 2009).

Here, as the government notes, the gun was found in Defendant's residence with items used for drug distribution.[1] Gov't Mot. Dismiss 7. More importantly, Defendant admitted in his sentencing memorandum and in his current motion that he received the firearm as collateral in a drug transaction. This admission is more than sufficient to establish that he possessed the firearm in furtherance of his drug trafficking offense and therefore was guilty of violating 18 U.S.C. § 924(c)(1)(A). The Ninth Circuit has explained that "when one accepts a gun in exchange for drugs, the gun is an integral part of the drug sale because without the gun--the 'currency' for the purchase--the drug sale would not take place." *Mahan*, 586 F.3d at 1188; *see*

---

[1] The government cites *United States v. Nichols*, 786 F. App'x 624, 629 (9th Cir. 2019), an unpublished memorandum disposition, regarding when a defendant's possession of a firearm is in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). After the government filed its brief, the Ninth Circuit held the *Nichols* court erred in approving a jury instruction requiring that the government prove only a "connection" between the firearm and the drug trafficking offense. *United States v. Irons*, 31 F. 4th 702, 713 (9th Cir. 2022) (jury instruction "improperly permitted the jury to convict Irons without finding that he possessed the firearm with the intent that it further or advance a drug trafficking crime").

6 -- OPINION AND ORDER

*also United States v. Doody*, 600 F.3d 752, 755 (7th Cir. 2010) (firearm is possessed in furtherance of a drug crime "when the defendant holds the gun only as collateral, rather than taking permanent ownership of it. Without the gun serving as security for the drug debt, some drug dealers would refuse to extend credit to their customers, and some drug transactions would not take place. Receiving a gun in exchange for drugs--whether as payment or collateral--facilitates the drug transaction.").

### B. Ineffective Assistance of Counsel

Defendant also argues that based on his attorney's advice, "he believed that the mere presence of a gun in his residence could lead to the current charge and conviction." Def.'s Mot. 2 (emphasis deleted). To prevail on a claim for ineffective assistance of counsel, a defendant must show that his attorney's performance was unreasonable under prevailing professional standards and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 694-95 (1984). In the context of plea negotiations, Defendant must show "(1) that his counsel's advice to plead guilty was not 'within the range of competence demanded of attorneys in criminal cases,' and (2) 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Silveira*, 997 F.3d 911, 913-14 (9th Cir. 2021) (citing *Hill v. Lockhart*, 474 U.S. 52, 56, 59 (1985) (further citation and quotation marks omitted)). "'A habeas petitioner bears the burden of establishing that his guilty plea was not voluntary and knowing.'" *Jackson*, 21 F.4th at 1212 (quoting *Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006)).

Here, Defendant has not shown that counsel was incompetent, or a reasonable probability that he would not have pleaded guilty but for counsel's alleged errors. As to competence, Defendant argues that counsel should not have advised him to plead guilty to the firearm charge

because Defendant did not use the firearm and possessed it only as collateral for a drug transaction. But the Ninth Circuit, as noted above, has held that a defendant's acceptance of a firearm as collateral for a drug transaction establishes a violation of 18 U.S.C. § 924(c)(1)(A). *Mahan*, 586 F.3d at 1188. As to prejudice, by pleading guilty, Defendant was able to avoid a potential twenty-year mandatory minimum sentence on the charge of distributing heroin that caused a death. 21 U.S.C. § 841(a). Furthermore, as part of the plea agreement, the government agreed to recommend a sentence of 240 months, well below the guideline range of 322 to 387 months. Gov't Sentencing Mem. 3. Defendant ultimately received the lowest possible sentence given the mandatory minimums for the two charges. I conclude that Defendant has failed to show either incompetent performance or prejudice, and therefore cannot establish ineffective assistance of counsel. *See United States v. Sanchez-Cervantes*, 282 F.3d 664, 672 (9th Cir. 2002).

### III. No Evidentiary Hearing Is Necessary

Section 2255(b) provides:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Here, I conclude that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Defendant has failed to allege "specific facts which, if true, would entitle him to relief." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996). I therefore deny an evidentiary hearing.

### CONCLUSION

Defendant's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255, ECF No. 69, is DENIED. The Court declines to issue a certificate of appealability because

Defendant has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 31st day of May, 2022.

Robert E. Jones
United States District Judge

9 -- OPINION AND ORDER